HARRY HARVEY, Plaintiff, *v.* HOME OWNERS' LOAN CORPORATION et al., Defendants.

Supreme Court, Special Term, Nassau County, November 25, 1946.

*Mortimer H. Tischler* for plaintiff.

*Simon H. Trevas* for Home Owners' Loan Corporation, defendant.

*Stephen C. West* and *Frank A. Gulotta* for Anna DeHaro and another, defendants.

STODDART, J. Action for specific performance and for conversion.

The plaintiff entered into a written contract on or about February 9, 1942, with the Home Owners' Loan Corporation to purchase real property located in the village of Lynbrook, Nassau County. The purchase price was $3,500. Three hundred and fifty dollars was paid on the signing of the contract, and the balance was to be paid at the rate of $24.10 each month, commencing March 9, 1942. A deed was to be delivered when $875 had been paid or applied on account of purchase price, and a purchase-money bond and mortgage delivered to the seller for the unpaid balance. Accompanying the payments of principal and interest, was to be a sum sufficient to pay one twelfth of the annual charges for taxes, assessments, fire insurance, etc. The contract also provided that pending the delivery of the deed, the purchaser could go into possession of the premises on a landlord-tenant basis, that the monthly payments heretofore mentioned would be considered as rent during the tenancy, but with credit for the payments toward the purchase price if the purchaser performed all of the terms, conditions and covenants he agreed to perform. In the event of the purchaser's failure to show due compliance with the contract, the seller could deem the agreement at an end and the whole unpaid balance would be due and payable.

The plaintiff entered into possession of the premises (business property), made payments under the contract, but at the time he entered the United States Navy in February, 1943, he had failed to make payments due on January 9 and February 9, 1943. Thereafter, during 1943, although in this country and receiving a substantial income, the amount of his arrears increased. Com-

munications and notices relative to that fact were had between the parties. In December, 1943, upon the plaintiff's failure to cure his defaults by paying the amount then due, summary proceedings were instituted. The District Court of Nassau County, Second District, on January 11, 1944, granted a final order in favor of the landlord (Home Owners' Loan Corporation). No warrant was issued, apparently because there was no need for it as the tenant (plaintiff) was no longer occupying the premises. The District Court was aware of the plaintiff's naval status, yet it did not stay the proceeding, and I think its action under the circumstances was proper. Thereafter, on or about March 1, 1944, the premises were conveyed to Anna Dellaro, the wife of Charles Dellaro, to whom the tenant (plaintiff) had sublet the premises in December, 1943, after the institution of the summary proceedings. Since that conveyance, substantial improvements which were made and the inflationary market have made the property quite valuable. In October, 1945, the plaintiff was discharged from the Navy and on February 26, 1946, this action was started.

The plaintiff predicates his prayer for relief upon the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, §§ 501–590). In section 100 (U. S. Code, tit. 50, Appendix, § 510) the purpose of the act is stated as follows: " Sec. 100. In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States, in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force." The following sections provide various forms of legal relief for those who by reason of their military service have been prejudiced thereby. The plaintiff demands a judgment declaring void the conveyance from the Home Owners' Loan Corporation to Anna Dellaro, evicting the Dellaros from the premises, reinstating his contract with the Home Owners' Loan Corporation directing the Home Owners' Loan Corporation to specifically perform the agreement on its part, an account-

ing for rents and profits from the date of the plaintiff's entry into the Navy, and for $1,000 damages for personalty allegedly converted by the defendants.

No evidence was offered to prove conversion by the defendants of any personalty. Therefore, that cause of action and demand for relief will be disregarded. With respect to the other relief sought, I find in favor of the defendants for the reason that the plaintiff has failed to prove that his service in the Navy impaired his ability to meet his obligations. To the contrary, it appears that economically he was well able to pay the small monthly payment. The plaintiff would not have been inducted under the Selective Service Act. He enlisted, and received a rating which provided him with an income of $2,700 a year, which I believe was equal to or greater than his income immediately prior to his entry into the Navy. The premises were rented by him to others during a portion of the time in which the arrears in payments under the contract were accruing. The first two monthly defaults occurred prior to the plaintiff's naval service. Although the Home Owners' Loan Corporation was not required by the contract to give any notice of its election to exercise any of its " privileges, rights, or remedies ", the plaintiff was given ample warning that the Home Owners' Loan Corporation was not satisfied with his payments and that unless he complied with the contract, legal action to evict him would be taken.

Accordingly, judgment is granted in favor of the defendants, dismissing the complaint, without costs. Submit judgment on notice.